Affirmed and Memorandum Opinion filed August 7, 2007








Affirmed and Memorandum Opinion filed August 7, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00908-CR

_______________

 

JONATHAN JOHN KEEGAN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 208th District Court

Harris County, Texas

Trial Court Cause No. 1044033

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

 

Jonathan John Keegan appeals a
conviction for aggravated robbery[1] on the ground
that the evidence is factually insufficient to prove that he was the person who
robbed the complainant because there were discrepancies in the complainant=s translated statements regarding
other aspects of the robbery.  We affirm.








In reviewing factual sufficiency, we
determine whether, when viewed in a neutral light, the evidence supporting the
verdict is either so weak or so outweighed by the great weight and
preponderance of the contrary evidence as to render the verdict clearly wrong
and manifestly unjust.  Roberts v. State, 220 S.W.3d 521, 524 (Tex.
Crim. App. 2007), petition for cert. filed,CU.S.L.W.C(U.S. July 17, 1007)(No. 07-5500).

At trial, the complainant testified
that, on October 6, 2005, he was driving to his brother=s apartment, when Pamelia Singh, a
lady he had seen before at that apartment complex, asked him for a ride.  As
they arrived, Singh asked the complainant to help her carry her packages to her
second floor apartment (the Aapartment@).  When they came to the door, Singh knocked, and appellant
opened the door, held a gun to the complainant=s head, took the complainant=s money, and ran away.  The
complainant initially grabbed Singh but released her when she pulled out a
knife.

The complainant=s pre-trial translated statements to
police concerning the incident varied as to whether it was appellant or Singh
who had come out of the apartment and held a knife to the complainant=s throat during the robbery.  In the
absence of other corroborating evidence that he was the robber, appellant
contends that he was convicted of the crime only because he happened to be the
tenant of the apartment.

However, despite the discrepancies in
the complainant=s translated statements on other aspects of the robbery, the
complainant repeatedly and unhesitatingly identified appellant as the robber,
and there is no controverting evidence on this element.  Because appellant=s sole issue thus fails to
demonstrate that the identification evidence was either so weak or so greatly
outweighed by contrary evidence as to render the verdict clearly wrong and
manifestly unjust, it is overruled, and the judgment of the trial court is
affirmed.

 

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered and Memorandum
Opinion filed August 7, 2007.

Panel consists of Justices Yates,
Edelman, and Seymore.

Do not publish C Tex.
R. App. P. 47.2(b).









[1]           A jury found appellant guilty and found two
enhancement paragraphs true, and the court imposed a sentence of forty-five
years confinement.